# Fluck v. Bucks County

*Grim & Grim*, for plaintiff; *Mark Thatcher*, for defendant.

BOYER, J., February 20, 1934.—This is a rule entered upon a petition of the County of Bucks to set aside a view by a jury appointed on September 19, 1933, to assess damages suffered by the plaintiff by reason of the taking of part of his land lying in Bucks County for the construction of a county line bridge. There appear as admitted facts that the plaintiff is the owner of a farm lying partly in Bucks and partly in Montgomery County; that by joint proceedings and a joint view had in said two counties under the provisions of section 714 of The General County Law of May 2, 1929, P. L. 1278, a joint county bridge was erected by the two counties on the County Line Road near Telford, half thereof being in Bucks County and half in Montgomery County; that in the erection thereof part of plaintiff's said land lying in Bucks County and part lying in Montgomery County was appropriated by the said counties. This jury was appointed under section 804 of The General County Law of 1929 to assess the damages suffered by the taking of the land in Bucks County alone. The defendant contends that damages should be assessed jointly by juries of view from

each county under section 714 of the act. The sections of the act referred to are as follows:

"Section 714. Whenever any bridge contemplated by any of the provisions of this article is on the boundary line between two counties, or within one-fourth of a mile therefrom, and necessary for the accommodation of the inhabitants of both counties, the commissioners of such counties shall act jointly in the exercise of all powers conferred upon them, and in the performance of all duties imposed upon them. Whenever a petition of residents or taxpayers is required, such petition shall be made by the required number of petitioners in each county, to the court of quarter sessions, or the court of common pleas, as the case may be, of their county. Whenever any other petitions are required, such petitions shall be made to each of such courts. Whenever the approval of the grand jury is required, the grand juries of both counties shall give their approval. Each of the courts shall act on such petitions, and shall communicate its approval or disapproval and that of the grand jury to the other court.

"Whenever the appointment of viewers or inspectors is required, the court of each county shall appoint a full number of such viewers or inspectors. The total number thereof shall act together in the view or inspection, and shall make their joint report and recommendations to each court. Exceptions to the report of viewers may be filed in, and appeals therefrom made to, the courts of either county, in which case the courts of said two counties sitting together shall hear and determine the same. Whenever publication of notice is required, such publications shall be made in each county. The approval of both boards of commissioners and of both courts shall be necessary in order to authorize any action requiring such approval."

"Section 804. Whenever in the construction of a bridge lands are taken in any county joining in such construction, and damages are sustained by the owner or owners of such lands, the county commissioners in the county where the lands are located, when possible, shall enter into an agreement with such owner or owners as to the amount of damages to be paid to such owner or owners. If a satisfactory agreement cannot be made as to said damages, they shall be ascertained and paid in the manner and subject to the restrictions and procedure provided in article seven of this act. The damages shall in either event be paid by the county in which the lands are located."

These sections of The General County Law do not appear to have been construed in any reported decisions, nor have any similar provisions of any prior acts. A careful reading and comparison of the two sections in question convince us that section 714, providing for joint action of a jury of view from each of two counties, relates only to the passing upon the necessity, location, and construction of such county line bridges and their approval. That section makes no reference whatever to the assessment of damages. The impracticability of assessing such damages jointly against the two counties and the utter impossibility of determining appeals from such assessments by jury trial are obvious. On the other hand, section 804 seems not only to be clear in its purpose and intent to provide separate proceedings for the assessment of damages in each county, but also lays down a simple, workable plan for that purpose by referring to article VII of the same act. We are convinced that the proceeding is properly brought under section 804 of the act.

Now, February 20, 1934, the rule is discharged.

From Isaac J. Vanartsdalen, Doylestown, Pa.